NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0476n.06

Case No. 10-1371

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 14, 2013*
DEBORAH S. HUNT, Clerk

TIMOTHY HYNES,                                    )
                                                  )
    Petitioner-Appellant,                         )
                                                  )
                                                  )    ON APPEAL FROM THE
    *v.*                                          )    UNITED STATES DISTRICT
                                                  )    COURT FOR THE EASTERN
TOM BIRKETT,                                      )    DISTRICT OF MICHIGAN
                                                  )
    Respondent-Appellee.                          )
                                                  )
    ———————————————                                )
                                                  )

BEFORE:  BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER**, **Chief Judge.**  Appellant Timothy Hynes pled guilty to first-degree home invasion and was sentenced as a fourth habitual offender.  After unsuccessfully appealing his sentence to the Michigan appellate courts, he filed a petition for writ of habeas corpus in the district court below.  On appeal of the district court's denial of his habeas petition, Hynes argues that various of his rights under Michigan law were violated, and that this constitutes a violation of his right to federal due process, entitling him to habeas relief.  For the reasons we explain below, we disagree with Hynes's arguments and AFFIRM the district court's judgment.

**I.**

On July 30, 2007, Hynes pled guilty in the Michigan circuit court to one count of first-degree home invasion.  Hynes entered his plea pursuant to a *Cobbs* agreement, under which the maximum-

minimum sentence he could receive was 10 years and 8 months.[1] The trial judge subsequently sentenced Hynes as a fourth habitual offender to a range of 10 years and 8 months to 20 years imprisonment.[2] Hynes alleges that after he entered his plea but before the trial judge sentenced him, he entered into an oral agreement with the prosecuting authorities. Hynes claims that he offered information regarding an unrelated homicide case and agreed to testify against other individuals.[3] In return, Hynes maintains, the prosecution agreed to recommend a reduced sentence to the trial judge. Hynes alleges that although he "stood ready to fulfill his obligations under that agreement," the prosecution did not perform its "duty to inform the judge, before [Hynes] was sentenced, that [Hynes] cooperated with the prosecutor in unrelated criminal matters and that he had stood ready, at great risk to himself, to testify against individuals including a homicide."

After his sentencing, Hynes filed a delayed application for leave to appeal with the Michigan Court of Appeals. Hynes alleges that he raised the following grounds in that appeal:

> I. The statutory ban on appellate review of sentences within the sentencing guidelines is a violation of constitutionally mandated separation of powers.

---

[1] In *People v. Cobbs*, 505 N.W.2d 208, 212 (Mich. 1993) (per curiam), the Michigan Supreme Court held that "[a]t the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." The court further explained that "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Id.*

[2] According to Hynes's habeas petition, "the trial judge stated he would cap the sentence at the mid-point of the guidelines." Thus, Hynes's maximum-minimum sentence of 10 years and 8 months was not as great as the minimum sentence he could have received absent the *Cobbs* evaluation.

[3] In his original habeas petition, Hynes alleged that he "offered valuable assistance to the prosecution in several unrelated felony matters, including a homicide and criminal sexual conduct prosecution." In his subsequent motion for relief from judgment, Hynes offered a correction, noting that he "helped close one murder case, not several rape cases and a murder case." This factual difference does not affect our analysis.

II. The sentence, which was the maximum within the *Cobbs* evaluation, was not proportional, because it did not give consideration for the Defendant's offer to assist the prosecution in five unrelated felony matters, including criminal sexual conduct and homicide cases.

On November 26, 2008, the Michigan Court of Appeals issued a one-sentence order that simply stated, "The Court orders that the delayed application for leave to appeal is DENIED for lack of merit in the grounds presented." Hynes then filed an application for leave to appeal with the Michigan Supreme Court. That court denied Hynes's application in a one-sentence order, "because [it was] not persuaded that the questions presented should be reviewed by [that] [c]ourt."

Hynes subsequently filed a petition for writ of habeas corpus in the district court below, raising the same grounds for relief he had raised in the Michigan appellate courts. The district court examined Hynes's petition and dismissed it pursuant to Rule 4 of the Rules Governing § 2254 Cases.[4] Applying the deferential standard of review prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA), the district court concluded that Hynes was not entitled to federal habeas relief on his claims. Accordingly, the district court denied Hynes's petition.

Hynes now appeals to this Court.

## II.

We review the district court's denial of Hynes's habeas petition *de novo*. *Burton v. Renico*, 391 F.3d 764, 770 (6th Cir. 2004). In determining whether dismissal of his petition was appropriate,

---

[4]That Rule requires a judge to "promptly examine" a habeas petition, further providing that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

we take Hynes's allegations in his pro se petition as true and construe them in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).[5]

A.  AEDPA Applies to This Case.

Initially, we address Hynes's contention that the district court erred in reviewing his habeas petition under the deferential standard prescribed by AEDPA.  We conclude that the district court was correct to apply AEDPA's standard of review.

Under AEDPA:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated *on the merits* in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the
facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Hynes argues that although he presented his claims to the Michigan appellate courts, those courts never adjudicated his claims "on the merits," for purposes of § 2254(d).  In light of the Supreme Court's opinion in *Harrington v. Richter*, 131 S. Ct. 770 (2011), we disagree.

In *Harrington*, the Supreme Court expressly held "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" 131 S. Ct. at 785.  The Court reasoned that the plain text of § 2254(d) requires only an

---

[5]Because we conclude, even resolving all factual questions in Hynes's favor, that the district court did not err in dismissing Hynes's petition, we need not remand this case on the ground that there are "outstanding issues of fact," as Hynes argues.  Contrary to Hynes's contention, we can indeed determine from the face of his petition that he is not entitled to relief.  Therefore, remand is unwarranted.

"adjudication" resulting in a "decision"; it does not require a state court to explain its decision or provide its rationale. *See id.* at 784. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85.[6]

This Court has already had occasion to apply the *Harrington* presumption to orders from the Michigan appellate courts like those in Hynes's case. *See Werth v. Bell*, 692 F.3d 486 (6th Cir. 2012). In *Werth*, the Michigan Court of Appeals had issued an order denying a delayed application for leave to appeal "for lack of merit in the grounds presented." *Id.* at 491. The Michigan Supreme Court had subsequently denied Werth's application for leave to appeal "because it was 'not persuaded that the questions presented should be reviewed by [that] [c]ourt.'" *Id.* These orders were thus identical to the orders in Hynes's case. The *Werth* Court held that under *Harrington*, "AEDPA deference applies to Michigan orders like the orders in this case, absent some 'indication or [Michigan] procedural principle to the contrary.'" *Id.* at 493 (alteration in original) (quoting *Harrington*, 131 S. Ct. at 785); *see also id.* ("[A]bsent some 'indication or [Michigan] procedural principle to the contrary,' we must presume that an unexplained summary order is an adjudication 'on the merits' for AEDPA purposes." (second alteration in original) (quoting *Harrington*, 131 S. Ct. at 785)).

---

[6]The state court in *Harrington* had issued "a one-sentence summary order" denying appellant's state petition for a writ of habeas corpus. 131 S. Ct. at 783.

Thus, the order of the Michigan Court of Appeals denying Hynes's delayed application for leave to appeal "for lack of merit in the grounds presented" was an adjudication "on the merits" under AEDPA. The fact that the Michigan Supreme Court subsequently denied Hynes's application for leave to appeal "because [it was] not persuaded that the questions presented should be reviewed by [that] [c]ourt" does nothing to negate AEDPA's applicability. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

Hynes argues that the *Harrington* presumption does not apply in his case. He points to the Supreme Court's observation in *Harrington* that "[t]he presumption [that a state court has adjudicated a claim on the merits] may be overcome when there is reason to think some other explanation for the state court's decision is more likely." 131 S. Ct. at 785. Hynes contends that the Michigan courts denied his applications for leave to appeal based solely on Mich. Comp. Laws § 769.34(10), which provides, in pertinent part: "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

The supposition, however, that the Michigan appellate courts were presented with constitutional challenges (assuming *arguendo*, for Hynes's sake, that his arguments actually present constitutional issues), but declined to evaluate the merits of such challenges, is unwarranted speculation. *See Harrington*, 131 S. Ct. at 785 (dismissing as "pure speculation" an appellant's

theory that the justices on the state supreme court may have disagreed on the rationale for that court's summary decision). This is especially so since the Michigan Court of Appeals had already held that section 769.34(10) "cannot constitutionally be applied to preclude relief for sentencing errors of constitutional magnitude" and is therefore "inapplicable to claims of constitutional error." *People v. Conley*, 715 N.W.2d 377, 387 (Mich. Ct. App. 2006) (per curiam). Because the Michigan Court of Appeals had already recognized that it could not disregard constitutional claims under cover of section 769.34(10), we will not speculate that its order denying Hynes's delayed application for leave to appeal "for lack of merit in the grounds presented" did precisely what that Court had already acknowledged it could not do. Rather, the normal presumption explained in *Harrington* applies in this case. Accordingly, the decision of the Michigan Court of Appeals was rendered "on the merits" of Hynes's claims. Therefore, the district court correctly applied the standard of review prescribed by 28 U.S.C. § 2254(d).

B. Hynes's Claims Do Not Raise Federal Due Process Issues.

On appeal, Hynes acknowledges that his due process arguments involve alleged violations of his rights under Michigan state law. Specifically, Hynes alleges that three particular rights were violated. First, Hynes contends that Article I, § 20 of the Michigan Constitution affords him a right to appellate review of his sentence, and that Mich. Comp. Laws § 769.34(10) unconstitutionally deprives him of this right. Second, he maintains that Mich. R. Crim. P. 6.310(B) affords him the right to seek to withdraw his guilty plea after its entry but before sentencing, and that the prosecuting authorities improperly induced him not to seek to withdraw his plea. Third, he argues that he has a state-created right to have his alleged cooperation with law enforcement officials considered at his

sentencing. Hynes maintains that the deprivation of these state rights violates his right to federal due process protection under the Fourteenth Amendment. We disagree.

Generally, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). It is true, however, that the Fourteenth Amendment's Due Process Clause can protect certain state-created rights. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 546, 557 (1974) (holding that a prisoner's state-created statutory right to good-time credit, which could be forfeited only for "flagrant or serious misconduct," constituted a liberty interest under the Fourteenth Amendment requiring due process protection against arbitrary abrogation of that right); *Turpin v. Kassulke*, 26 F.3d 1392, 1399 (6th Cir. 1994) ("It is well-settled that, while it is true that habeas relief cannot be granted simply on the basis of a perceived error of state law, when an error rises to the level of depriving the defendant of fundamental fairness in the trial process, the claim is remediable on a petition for habeas corpus relief." (internal quotation marks and brackets omitted)). Nevertheless, "[a] mere error of state law . . . is not a denial of due process." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (internal quotation marks omitted). To rise to the level of a federal due process violation, an error of state law must effectively "depriv[e] the defendant of fundamental fairness in the trial process." *Turpin*, 26 F.3d at 1399.

Even further, to prevail under AEDPA, Hynes must show that the adjudication of his claims by the Michigan appellate courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). In other words, it is not enough for Hynes to argue

simply that he has certain state rights that are protected by federal due process. Instead, he must demonstrate that *Supreme Court precedent* has *clearly established* that the state rights he alleges are in fact protected by the Fourteenth Amendment's Due Process Clause. Here, there is simply no such clearly established federal law entitling Hynes to the rights he alleges as a matter of due process or fundamental fairness.

First, Hynes has no federal due process right to appellate review of his sentence. "It has long been recognized that there is no federal constitutional right to an appeal." *United States v. Aloi*, 9 F.3d 438, 443 (6th Cir. 1993) (citing *Abney v. United States*, 431 U.S. 651, 656 (1977)). Moreover, the Michigan Constitution does not give Hynes an absolute right to appeal in his case, since he pled guilty. Article I, § 20 of the Michigan Constitution provides, in pertinent part: "In every criminal prosecution, the accused shall have the right . . . to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court . . . ." Hynes pled guilty in the Michigan Circuit Court. Therefore, he has no absolute right to an appeal under the Michigan Constitution. The Michigan Constitution affords Hynes no right to an appeal of which Mich. Comp. Laws § 769.34(10) has deprived him. Thus, Hynes's first claim that his due process rights were violated is without merit.

Second, Hynes has no federal due process right to seek to withdraw his guilty plea. Notwithstanding the fact that the trial court sentenced Hynes within the terms of the *Cobbs* plea agreement, Hynes contends that Michigan's rule regarding withdrawal of guilty pleas afforded him a right to seek to withdraw his guilty plea. *See* Mich. R. Crim. P. 6.310(B). The rule does grant a defendant the right to withdraw his plea "[a]fter acceptance but before sentence" if *the plea itself*

"involves a prosecutorial sentence recommendation or agreement for a specific sentence, and the court states that it is unable to follow the agreement or recommendation." Mich. R. Crim. P. 6.310(B)(2)(a). But, Hynes's original guilty plea involved only the *Cobbs* agreement—with which the trial court fully complied in sentencing Hynes—and not the *subsequent* agreement Hynes claims he made orally with the prosecution. Thus, Rule 6.310(B)(2) gives Hynes no right to withdraw his *Cobbs* guilty plea for an alleged violation of a post-plea agreement with the prosecution. Furthermore, Hynes points to no clearly established federal law affording him the broad right to seek to withdraw his guilty plea for no particular reason. Thus, Hynes's second argument that his due process rights were violated also fails.

Third, Hynes has no federal due process right to have his alleged cooperation with law enforcement officials considered at his sentencing. Michigan law permits a sentencing court to impose a sentence below the guideline amount "if the court has a substantial and compelling reason" for doing so. Mich. Comp. Laws § 769.34(3). According to the Michigan Supreme Court, "the defendant's cooperation with law enforcement officials should be given special attention by the sentencing court" in determining whether to deviate below the guidelines. *People v. Fields*, 528 N.W.2d 176, 183 (Mich. 1995). However, Hynes fails to adduce any United States Supreme Court precedent clearly establishing that the failure of a sentencing court to consider a defendant's alleged post-trial cooperation with law enforcement officials violates that defendant's due process rights. Accordingly, Hynes's third argument that he was deprived of federal due process is meritless.

Ultimately, Hynes has failed to show that clearly established federal law entitles him to the due process protection he seeks. Thus, it "plainly appears" from Hynes's petition that he is not

entitled to relief. *See* Rule 4, Rules Governing § 2254 Cases. Accordingly, we hold that the district court did not err in dismissing Hynes's petition pursuant to Rule 4.

In response to Hynes's argument that his sentence was not proportional, we note that "the Supreme Court has interpreted the Eighth Amendment to contain a 'narrow proportionality principle.'" *United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring); *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003)). This narrow principle does not "require consideration of a defendant's mitigating factors." *Id.* "[T]here is no constitutional right to individualized sentencing." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Furthermore, "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Moore*, 643 F.3d at 455 (alteration in original) (some internal quotation marks omitted). As noted above, *supra* note 2, Hynes's maximum-minimum sentence was significantly below what he could have received under the statutory guidelines. His sentence does not violate the Eighth Amendment's proportionality requirement.

Lastly, in response to other arguments Hynes raises that are based solely on matters of Michigan law, we simply note that such arguments are not cognizable in a federal habeas action. *See Estelle*, 502 U.S. at 67-68. We also deny Hynes's request to remand this case for him to seek to amend his petition to include additional claims for ineffective assistance of counsel.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.[7]

---

[7]In light of our disposition of this case, we deny Respondent's motion to vacate the certificate of appealability and dismiss the appeal.