**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDUARDO AMEZCUE,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>J. TIM OCHOA, Warden,<br><br>               Respondent - Appellee. | No. 09-55946<br><br>D.C. No. 2:08-cv-03798-PA-JTL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 2, 2014[**]
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District
Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Eduardo Amezcue petitions this court for a writ of habeas corpus, claiming that (1) his thirteen-year sentence, to which he stipulated in a plea agreement, violated his Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Cunningham v. California, 549 U.S. 270 (2007), and (2) his counsel was ineffective by failing to inform Amezcue of his Cunningham rights and failing to object to the "illegal" thirteen-year sentence. We reject both claims.

Amezcue had a choice between (a) going to trial on his guilt and sentence for his original charges of murder and transportation of a controlled substance, which carried a sentence of twenty-five years to life, or (b) pleading guilty to voluntary manslaughter and assault with a firearm, both with firearm enhancements, and accepting a sentence of exactly thirteen years. He chose the latter. He cannot now better his bargain by claiming that the state trial court judge erred by imposing the upper term on the voluntary manslaughter firearm enhancement in order to arrive at the thirteen-year sentence to which he agreed. Therefore, the state court's denial of Amezcue's habeas petition was not contrary to, or an unreasonable application of, clearly established federal law, see 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405–07 (2000), and we will not expand the certificate of appealability to include Amezcue's newly-raised ineffective assistance of counsel claim.

2

Amescue's entire case rests on the proposition that he can challenge just his sentence, while leaving the remainder of his plea agreement intact. But Amezcue's sentence is his plea, especially considering that the plea agreement substituted a fixed sentence of thirteen years for a sentence of twenty-five years to life. Thus, the plea agreement itself forecloses Amezcue's Cunningham claim. See United States v. Broce, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").

Moreover, Amezcue never had a Sixth Amendment right regarding his thirteen-year sentence because that right applies only if findings of fact are required to elevate a sentence to the upper term. See United States v. Pacheco-Navarette, 432 F.3d 967, 971 (9th Cir. 2005). Here, they were not. The cases cited by Amezcue do not support his argument to the contrary . See, e.g., People v. French, 178 P.3d 1100, 1108 (Cal. 2008) (a defendant who pleads guilty, "with a sentence to be imposed within a specified maximum, reasonably expects to have the opportunity to litigate any matters related to the trial court's choice of sentence") (emphasis added).

Finally, even if <u>Cunningham</u> did apply to Amezcue's sentence, Amezcue's plea and stipulation to the thirteen-year sentence waived <u>Cunningham</u>.  <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. 296, 310 (2004); <u>Tidwell v. Evans</u>, CV 08-0437-TJH (MLG), 2008 WL 4195940, at *6 (C.D. Cal. Sept. 4, 2008) (explaining that because the defendant agreed to a specific sentence, he "waived any argument that his sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court").  Assuming a general waiver of the right to a jury trial is inadequate, Amezcue's express consent to the thirteen-year sentence at the very least vitiated any <u>Cunningham</u> error.

We have considered, and reject, Amezcue's remaining arguments.

**PETITION DENIED.**