# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 13, 2015

Plaintiff-Appellee,

v

No. 315209
Alger Circuit Court
LC No. 2012-001997-FC

ISRAEL A. VELEZ,

Defendant-Appellant.

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

BOONSTRA, P.J. (*concurring*).

I fully concur in the majority opinion. I write separately to offer additional rationale for affirming defendant's sentence in this case.

Were we to consider the judicial fact-finding issue raised by defendant (but not included in defendant's application for leave to appeal, either in this Court or in the Supreme Court) under *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), I would find that a remand under *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015), is not required in this case.

Whether defendant is entitled to a *Crosby*[1] hearing on remand under *Lockridge* depends on whether defendant can satisfy the plain-error standard of *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999), reh den 461 Mich 1205 (1999). *Lockridge*, slip op at 30. Defendant is entitled to a *Crosby* hearing only if he can show that the "facts admitted by a defendant or found by a jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced." *Lockridge*, slip op at 32-33 (italics in original). In other words, "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to remand to the trial court for further inquiry." *Lockridge*, slip op at 33. Under the circumstances of this case, I would find that defendant has not established plain error and, thus, has not demonstrated an entitlement to a remand for a *Crosby* hearing.

---

[1] *US v Crosby*, 397 F3d 103 (CA 2, 2005).

The trial court sentenced defendant pursuant to a *Cobbs*[2] agreement. *Lockridge* contains no express statement that it is overruling *Cobbs*, and there is nothing in the text of *Lockridge* that would preclude a judge from offering a preliminary evaluation of a sentence under *Cobbs* or that would restrict the ability of a defendant and a prosecutor to bargain over and agree to a particular lawful sentence. See generally, *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982). Thus, unless and until *Cobbs* is expressly overruled, there is nothing unlawful about a plea agreement or a sentence predicated on the sentencing judge's preliminary evaluation of a sentence.

Furthermore, *Lockridge* extended the rule of *Alleyne* to Michigan's statutory sentencing guidelines scheme, concluded that the sentencing guidelines violate the Sixth Amendment because the sentencing guidelines scheme employs judicial fact-finding in the scoring of the offense variables, and remedied the constitutional error by declaring that a sentencing judge is no longer bound to impose a sentence mandated by the sentencing guidelines. *Lockridge*, slip op at 1-2, 11, 16, 28-29, 36. When a sentencing judge imposes a legal sentence pursuant to the terms of a plea agreement bargained for and accepted by the defendant, the sentence is not affected by the judge's perception of the mandatory or advisory nature of the sentencing guidelines and, thus, the defendant's Sixth Amendment jury trial right is not implicated. See *United States v Cieslowski*, 410 F3d 353, 356-357, 363-364 (CA 7, 2005), cert den 456 US 1097 (2006). Stated another way, because defendant agreed to a sentence within the guidelines range, the sentence imposed by the trial court "arose directly from the plea agreement and was not based on any facts found only by the trial court." *Amezcue v Almager*, unpublished order of the United States District Court for the Central District of California, issued May 25, 2009 (2009 WL 1513427), p 5, aff'd 577 Fed Appx 699 (CA 9, 2014). Moreover, by expressly and voluntarily bargaining for and agreeing to a guidelines sentence, defendant voluntarily waived his Sixth Amendment right and any related concerns. *Amezcue*, 577 Fed Appx at 700-701. Therefore, on the facts of this case, there are no Sixth Amendment concerns, and the rule of *Alleyne* and *Lockridge* is not implicated.

/s/ Mark T. Boonstra

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).