688 N.W.2d 288 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Jessie Lee WILSON, Defendant-Appellant.
Docket No. 125796. COA No. 253063.
Supreme Court of Michigan.
October 29, 2004.
On order of the Court, the application for leave to appeal the February 18, 2004 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted.
We do not retain jurisdiction.
CORRIGAN, C.J., concurs and states as follows:
I concur with the order remanding this case to the Court of Appeals for consideration as on leave granted. An important question here is whether defendant waived any objection to the length of his sentence. Pursuant to a Cobbs[1] agreement, the trial court stated that it would sentence defendant at "the low-end of the guidelines." When defendant tendered his plea, the guidelines range was preliminarily calculated at 43 to 86 months, and at 43 to 129 months as enhanced by defendant's status as a third-offense habitual offender. At that time, the trial court informed defendant that "if the court has to change its preliminary evaluation at sentence, at the time of sentencing you have a right to withdraw your plea, do you understand that?" The Cobbs agreement was reduced to a writing that the prosecutor, defense counsel, and defendant signed.
At sentencing, the guidelines were recalculated to 50 to 150 months. The trial court sentenced defendant to 96 to 180 months. Although the trial court had informed defendant that he could withdraw his plea if the preliminary sentencing evaluation changed, defendant did not do so. Rather, defense counsel argued that the preliminary sentencing evaluation, with the low end of the minimum range at 43 months, should govern defendant's sentence. Because defendant could have withdrawn his plea but chose not to do so, it appears that he may have waived any objection to the length of the sentence imposed.
TAYLOR, J., concurs and states as follows:
I concur with the order remanding this case to the Court of Appeals for consideration as on leave granted.
Chief Justice Corrigan suggests in her concurring statement that defendant may have waived any objection to the length of the sentence imposed because he did not withdraw his plea when the guidelines range was recalculated so that the low end of the range increased from 43 to 50 months. While this is an issue for the Court of Appeals, I note that it is likely that defendant did not withdraw his plea upon the recalculation because he was content to receive a sentence at the low end of the guidelines range as recalculated. If this were so, it would have made no sense to withdraw his guilty plea. It does not seem to me that defendant's failure to withdraw his guilty plea negated in any way the agreement that he would receive a *289 sentence at the low end of the guidelines range.
MARILYN J. KELLY, J., joins in the statement of TAYLOR, J.
NOTES
[1] People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993).