# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

May 5, 2006

130195

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

QUINCY JOHNSON,
      Defendant-Appellant.

SC: 130195
COA: 264429
Macomb CC: 02-001778-FC

_____/

On order of the Court, the application for leave to appeal the September 15, 2005 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the July 21, 2005 opinion and order of the Macomb Circuit Court denying defendant's motion to withdraw his plea and/or for resentencing, and REMAND this case to the Macomb Circuit Court for resentencing. If the circuit court chooses not to follow the sentence recommendation agreed to by the prosecutor, defendant will be allowed to withdraw from the plea agreement. MCR 6.302(C)(3).

We do not retain jurisdiction.

YOUNG, J., concurs and states as follows:

I concur in the order remanding this case to the Macomb Circuit Court for resentencing because the plain language of MCR 6.302(C)(3) compels it. However, I question the reasoning and analytical underpinnings of the court rule, which is a codification of *People v Killebrew*, 416 Mich 189 (1982).

In this case, defendant pleaded guilty in exchange for a prosecutorial sentencing recommendation. Defendant understood the recommendation to be a mere suggestion and that the court retained full authority to impose defendant's sentence without reliance on the prosecutor's recommendation. The prosecution fulfilled its end of the agreement, recommending a sentence at the low end of the guidelines. However, because the sentencing judge did not follow the nonbinding recommendation, our court rules mandate

that defendant be permitted to withdraw a voluntarily, knowingly, and willingly entered guilty plea.

I cannot understand why a guilty plea given in exchange for a prosecutorial sentencing recommendation is vitiated by the court's disinclination to follow the recommendation. More important, I do not understand the rationale of *Killebrew* that a defendant, having obtained the benefit of a bargain with the prosecutor, can withdraw his plea when a court refuses to follow the recommendation. *People v Cobbs*, 443 Mich 276 (1993), was decided after *Killebrew* and undermined the rationale underpinning *Killebrew*. The principles that make withdrawal possible under similar circumstances in a *Cobbs* plea, where the court is a party to the plea agreement, have no applicability in a *Killebrew* plea. I welcome the opportunity to address the reasoning and rationale of the *Killebrew* decision, and favor amending MCR 6.302(C)(3).

CORRIGAN, J., joins the statement of YOUNG, J.

WEAVER, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2006

*Corbin R. Davis*
Clerk

p0502