# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 16, 2009

138992

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

KENNETH MITZ,
      Defendant-Appellant.

SC: 138992
COA: 290678
Kent CC 07-009448-FH

_____/

      On order of the Court, the application for leave to appeal the April 7, 2009 order of the Court of Appeals is considered. We DIRECT the Kent County Prosecuting Attorney to answer the application within 28 days after the date of this order. The prosecutor's answer should include a detailed response to the defendant's allegations concerning judicial misconduct surrounding the defendant's plea.

      CORRIGAN, J. (*concurring*).

      I write separately to outline defendant's primary contentions in hopes that the prosecutor will shed light on each of them. Defendant states that he agreed to plead no contest to a charge of operating a motor vehicle while under the influence of intoxicating liquor (third offense) only after his attorney told him that, although the legislative sentencing guidelines called for a term of jail or probation, he was likely to receive a prison sentence if he went to trial. The attorney appears to admit that his advice to defendant was based on off-the-record conversations with the trial judge, of which defendant was unaware. An affidavit from defendant's appellate attorney states that trial counsel confirmed that the judge stated, off the record, that "absent such a plea agreement, he had sentenced 4 other defendants in cases just like this one to prison terms." Defendant alleges that the judge thus improperly told his attorney that a trial could lead to a harsher sentence. See *People v Cobbs,* 443 Mich 276, 283 (1993) (prohibiting a judge from "stat[ing] or imply[ing] alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court"). Finally, defendant also claims actual innocence. It does not

appear that the trial court ever evaluated this claim, but it would be significant if defendant can establish that his plea was improperly induced. He asserts that a witness would testify that defendant began drinking only after the neighborhood fender bender that resulted in his arrest and he notes that the police did not arrive at the scene until hours after the fender bender occurred.[1]

---

[1] The prosecutor may wish to note that this Court is currently considering whether to amend MCR 6.302(C)(1) to explicitly provide that "[a]ll discussions regarding a defendant's plea must take place in open court and be placed on the record." See ADM File No. 2009-11. The staff comment to the rule as published for public comment explains: "The proposed amendment of MCR 6.302 would require all discussions regarding a defendant's plea agreement to occur in open [court] and on the record to reduce the possibility that a defendant would be coerced into agreeing to a particular sentence."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 16, 2009

_Corbin R. Davis_
Clerk