# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 25, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

146719

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

CHRISTOPHER RYAN OLSICK,
        Defendant-Appellant.

SC:  146719
COA:  311402
Genesee CC:  11-029604-FH

_____/

On order of the Court, the application for leave to appeal the January 2, 2013 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

The trial court proceedings raise the question whether that court imposed a different sentence than the one the parties agreed to in the *Cobbs* agreement,[1] without affording defendant an opportunity to withdraw his plea.  At the plea hearing, defense counsel stated that he believed he and the prosecutor had reached a sentencing agreement, if the court would agree. The following exchange then transpired:

> [*Defense Counsel*]:  Okay.  There's a felony firearm count, so we have that.  If we could agree that the minimum on the other matters does not exceed 48 months, then in adding the 48 months with the 2 years we'd have 6.  We would have the matter resolved, Judge.

> [*Prosecutor*]:   . . . [T]he People would have no objection if the Court wants to enter into an agreement with the defendant to sentence him to 48 months on the non felony firearm charges plus the 2 for the felony firearm.  That gives us our 6 [years]. . . .  [Plea Tr, pp 4-5.]

---

[1] *People v Cobbs*, 443 Mich 276 (1993).

Subsequently, the trial court stated, "If you agree I'll do it." The prosecutor stated, "I will agree." Thus, this exchange strongly indicates that the parties agreed to a total minimum sentence of six years. Yet later at the plea hearing, after the trial court had advised defendant of the consequences of entering a no-contest plea, the following exchange occurred:

> *The Court*: Now as far as the deal goes, . . . it's basically guidelines minimum in prison, Mr. Lazzio [defense counsel].
>
> [*Defense Counsel*]: That would be fair, Judge.
>
> \* \* \*
>
> *The Court*: So you get 2 years in prison on the felony firearm and I give you the guideline minimums on the other charges. Is that what you understand, Mr. Olsick?
>
> *The Defendant*: Yes, Your Honor. [*Id.* at 15-16.]

This latter exchange, in contrast to the former, predicates the sentencing agreement on the sentencing guidelines minimum range, rather than 48-month sentences for the non-felony-firearm charges. There is similar confusion in the written documentation of the sentencing agreement. While a form signed by defendant, titled "Request by Defendant for Statement of Preliminary Evaluation of Sentence," stated that "the court's preliminary evaluation of sentence length is guideline minimum in prison," another form signed by defendant stated that the "maximum sentence is 6 years in jail/prison, and the minimum sentence is 20 years[.]"

Notwithstanding this confusion, I concur in this Court's denial of leave to appeal, as defendant's failure to file a motion to withdraw his plea within six months after sentencing precludes defendant from raising on appeal any claim of noncompliance with the rules set forth in subchapter 6.300 of the Michigan Court Rules or any other claim that the plea was not an understanding, voluntary, or accurate one. MCR 6.310(C) and (D). Defendant is not precluded, however, from filing a motion for relief from judgment in accordance with the rules described in subchapter 6.500 of the court rules, MCR 6.501 *et seq*.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 25, 2013



Clerk

p1022