# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
March 22, 2016

v

No. 324311
Macomb Circuit Court

ADAM HOWARD REAM,

LC No. 2014-001991-FH

       Defendant-Appellant.

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his no-contest plea to three counts of third-degree criminal sexual conduct, MCL 750.520d(1), and one count of fourth-degree criminal sexual conduct, MCL 750.520e(1). Defendant was sentenced to 95 months to 15 years' imprisonment for his third-degree criminal sexual conduct convictions, and one to two years' imprisonment for his fourth-degree criminal sexual conduct conviction. For the reasons stated in this opinion, we affirm.

This case arose from allegations that defendant sexually assaulted his two step-daughters. While speaking to the police, defendant admitted sexual contact with the older girl, but denied it with respect to the younger girl. Defendant pleaded guilty pursuant to a *Cobbs*[2] agreement under which defendant would be sentenced to the lower third of the recommended sentencing guidelines range. After accepting defendant's plea, the trial court stated that if it could not abide by the *Cobbs* agreement after reading the presentence report it would give defendant the opportunity to withdraw his plea.

Defendant's sentencing guidelines range was 57 to 95 months. Contrary to the *Cobbs* agreement, instead of imposing a sentence within the lower third of the recommended guidelines range, the trial court sentenced defendant to a minimum of 95 months' imprisonment. Further, contrary to the requirements of MCR 6.310(B)(2)(b), the trial court did not give defendant an

---

[1] *People v Ream*, unpublished order of the Court of Appeals, entered December 17, 2014 (Docket No. 324311).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-1-

opportunity to withdraw his plea. MCR 6.310(B)(2)(b) provides that a defendant is entitled to withdraw a plea if:

> (b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to sentence as stated; *the trial court shall provide the defendant the opportunity to affirm or withdraw the plea*, but shall not state the sentence it intends to impose. [emphasis added.]

The plain language of the court rule mandates that the trial court give a defendant the opportunity to affirm or withdraw his or her plea if the trial court made a sentencing agreement and then stated that it was unable to sentence the defendant according to that agreement. Thus, when the court sentenced defendant contrary to the *Cobbs* agreement and did not affirmatively provide defendant the opportunity to withdraw his plea, the trial court did not comply with the mandates of the court rule. Contrary to the prosecution's argument, the opportunity provided under MCR 6.310(B)(2)(b) is not merely the right to object to actions of the trial court. Instead, in cases were the trial court fails to comply with a *Cobbs* sentencing agreement, the court has an affirmative duty to inquire whether the defendant wishes to withdraw his plea in light of the court's decision not to abide by the sentencing agreement.

However, defendant may not raise this issue on appeal unless he has first done so in the trial court. MCR 6.310(D) provides:

> (D) A *defendant convicted on the basis of a plea may not raise on appeal any claim of noncompliance with the requirements of the rules in this subchapter*, or any other claim that the plea was not an understanding, voluntary, or accurate one, *unless the defendant has moved to withdraw the plea in the trial court*, raising as a basis for withdrawal the claim sought to be raised on appeal. [emphasis added.]

Under MCR 6.310(C), a defendant may move to withdraw his plea within six months after sentencing or move for relief from judgment according to the procedures set forth in MCR 6.500 *et seq*. See *People v Armisted*, 295 Mich App 32, 48; 811 NW2d 47 (2011). In this case, defendant has done neither. Accordingly, we may not now rule on the issue. MCR 6.310(D); *Armisted*, 295 Mich App at 48.[3]

Defendant also argues that pursuant to *People v Jackson*, 483 Mich 271; 769 NW2d 630 (2009), he has a constitutional right to an ability-to-pay hearing before the trial court can enforce its order mandating repayment of attorney fees. In *Jackson*, our Supreme Court held an ability-to-pay assessment is only constitutionally necessary when the order to pay the fee is enforced and a defendant contests his ability to pay. *Id*. at 292. Then, when a trial court attempts to enforce its reimbursement order under MCL 769.1k, the defendant must be advised of this

---

[3] Although we are not permitted to rule on the question, we agree with the observations made by our concurring colleague regarding the defects in the plea proceeding.

enforcement action and be given an opportunity to contest the enforcement on the basis of his existing indigency. *Id*. The trial court must then evaluate "whether a defendant is indigent and unable to pay *at that time* or whether forced payment would work a manifest hardship on the defendant *at that time*." *Id*. at 293 (emphasis in original). Moreover, the *Jackson* Court stated:

> MCL 769.1*l* inherently calculates a prisoner's general ability to pay and, in effect, creates a statutory presumption of nonindigency. The provision only allows the garnishment of a prisoner's account if the balance exceeds $50. Although this amount would be insufficient to sustain a defendant living among the general populace, it is uncontested that a prisoner's 'living expenses' are nil, as the prisoner is clothed, sheltered, fed, and has all his medical needs provided by the state. The funds left to the prisoner on a monthly basis are more than adequate to cover the prisoner's other minimal expenses and obligations without causing manifest hardship. Thus, we conclude that § 1*l*'s application makes a legitimate presumption that the prisoner is not indigent. [*Id*. at 295.]

The Court added, however, that because the presumption of nonindigency in MCL 7691*l* is not based on a "full individualized analysis of a prisoner's indigency," a prisoner who believes "that his unique individual financial circumstances rebut § 1*l*'s presumption of nonindigency" may "petition the court to reduce or eliminate the amount that the remittance order requires him to pay." *Id*. at 296. Here, the order of remittance tracks the language of MCL 769.1*l*.[4] Accordingly, there is a presumption that defendant is not indigent. Defendant has not petitioned the court to appraise it of any financial circumstances unique to his case that would rebut that

---

[4] MCL 769.1*l* provides in pertinent part:

> If a prisoner under the jurisdiction of the department of corrections has been ordered to pay any sum of money as described in section 1k and the department of corrections receives an order from the court on a form prescribed by the state court administrative office, the department of corrections shall deduct 50% of the funds received by the prisoner in a month over $50.00 and promptly forward a payment to the court as provided in the order when the amount exceeds $100.00, or the entire amount if the prisoner is paroled, is transferred to community programs, or is discharged on the maximum sentence.

The order of remittance states the following:

> 2. For payment toward the obligation, the Department of Corrections shall collect 50% of all funds received by the defendant over $50.00 each month.

> 3. If the amount withheld at any one time is $100.00 or less, the Department of Corrections shall continue collecting funds from the defendant's prisoner account until the sum of the amounts collected exceeds $100.00, at which time the Department of Corrections shall remit that amount to this court[.]

presumption. Accordingly, his appeal to this Court is premature and he is not entitled to an ability-to-pay assessment at this time. See *Jackson,* 483 Mich at 296-297.

Affirmed.


/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro