# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 3, 2017

Stephen J. Markman,
Chief Justice

Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

153716

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v                                                    SC: 153716
                                                     COA: 324311
                                                     Macomb CC: 2014-001991-FH
ADAM HOWARD REAM,
        Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the March 22, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The denial is without prejudice to the defendant's right to file a motion for relief from judgment pursuant to MCR 6.500 *et seq.*

MARKMAN, C.J. (*concurring*).

I concur with the majority's decision to deny leave to appeal. Before sentencing, defendant received a *Cobbs* agreement to be sentenced to the lower-third of the applicable guidelines range. See *People v Cobbs*, 443 Mich 276 (1993). The trial court later imposed a sentence at the top of the guidelines range, but did not allow defendant an opportunity to withdraw his plea under MCR 6.310(B)(2)(b). Subsequently in the Court of Appeals, defendant argued that the trial court failed to abide by *Cobbs*, 443 Mich 276. However, defendant did not preserve this claim by an objection or motion in the trial court, and he failed to raise a claim of ineffective assistance of trial counsel for the failure to preserve his *Cobbs* claim. Defendant now raises a claim of ineffective assistance of trial counsel in this Court, which would excuse the failure to preserve the *Cobbs* claim; however, a claim of ineffective assistance of *appellate* counsel is also necessary in order to excuse the failure to raise a claim of ineffective assistance of *trial* counsel before the Court of Appeals. Because defendant did not raise the latter claim, I concur in the denial

order, which expressly does not preclude defendant from filing a motion for relief from judgment pursuant to MCR 6.508 raising an ineffective assistance of trial *and* appellate counsel claim.

BERNSTEIN J., joins the statement of MARKMAN, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 3, 2017



Clerk

a0131