# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

         Plaintiff-Appellant,

v

CLEVE LIONEL CLEVELAND,

         Defendant-Appellee.

UNPUBLISHED
September 14, 2017

No. 327120
Wayne Circuit Court
LC No. 15-001203-01-FH

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Defendant pleaded guilty to first-degree home invasion, MCL 750.110a(2), pursuant to a *Cobbs*[1] evaluation under which the trial court sentenced defendant to a term of 6 months' to 20 years' imprisonment and ordered him to seek mental health treatment. The prosecutor appealed this sentence by leave granted, arguing that the trial court should have sentenced defendant to a minimum term between 72 and 120 months' imprisonment, as calculated under the sentencing guidelines.[2] Because the prosecutor has failed to demonstrate error warranting relief, we affirm.

The prosecutor argues that, even after our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), the statutory sentencing guidelines remain mandatory, except when judicial fact-finding affects the defendant's sentencing guidelines range. Accordingly, the prosecutor argues that, because judicial fact-finding did not affect defendant's sentencing guidelines range, the trial court was required to provide substantial and compelling reasons justifying its downward departure from the 72 to 120 months' guidelines range to its ultimate imposition of a 6 month minimum sentence. According to the prosecutor, the trial court failed to provide substantial and compelling reasons justifying its departure sentence.

Nonetheless, we need not determine whether the trial court provided substantial and compelling reasons to justify its departure. Our Supreme Court recently explained that in *Lockridge* it had earlier held that the statutory guidelines "are advisory *in all applications*."

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[2] *People v Cleveland*, unpublished order of the Court of Appeals, entered August 12, 2015 (Docket No. 327120).

-1-

*People v Steanhouse*, ___ Mich ___; ___ NW2d ___ (2017) (Docket No. 152671); slip op at 2. Thus, regardless of whether defendant's sentencing guidelines range was affected by judicial fact-finding, this Court must apply *Lockridge*'s holding to this case. Under *Lockridge*, the sentencing guidelines are no longer mandatory in any application, and the trial court is no longer required to find a substantial and compelling reason to depart from the guidelines range. See *Lockridge*, 498 Mich at 391. Rather, the trial court "may exercise its discretion to depart from [the] guidelines range without articulating substantial and compelling reasons for doing so. A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392.

The prosecutor fails to explain how the sentence imposed by the trial court does not meet the lesser reasonableness standard, and this Court is under no duty to craft an argument on the prosecutor's behalf. *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009). Moreover, this Court granted leave "limited to the issues raised in the application and supporting brief." *People v Cleveland*, unpublished order of the Court of Appeals, entered August 12, 2015 (Docket No. 327120). The application and supporting brief only challenge whether the trial court articulated substantial and compelling reasons for the departure, and neither addresses the reasonableness of the departure. Thus, if we were to go beyond that limited question, and address the reasonableness of defendant's sentence, we would violate the order previously entered by this Court. For these reasons, we conclude that the prosecutor has failed to demonstrate error, and affirm defendant's sentence.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

-2-