# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 6, 2017

152570

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ROMANO DESHAWN LUKE,
      Defendant-Appellant.

_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

SC: 152570
COA: 328693
Monroe CC: 12-039730-FH;
           12-039881-FH

By order of September 6, 2016, the application for leave to appeal the September 15, 2015 order of the Court of Appeals was held in abeyance pending the decision in *People v Comer* (Docket No. 152713). On order of the Court, the case having been decided on June 23, 2017, 500 Mich ___ (2017), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the March 5, 2015 amended judgments of sentence, and we REMAND this case to the Monroe Circuit Court to reinstate the June 6, 2014 judgments of sentence. In *Comer*, we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for consecutive sentencing under MCL 768.7a(2).

We do not retain jurisdiction.

ZAHRA, J., states as follows:

Consistently with my opinion in *People v Comer*, 500 Mich ____ (2017) (Docket No. 152713) (ZAHRA J., *concurring in part and dissenting in part*), I disagree with the majority's chosen remedy to reinstate the very sentences it properly concluded were invalid. Instead of reinstating an invalid sentence that is predicated on an invalid plea, I would conclude that the appropriate remedy in this case is to "give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C); cf. *People v Cobbs*, 443 Mich 276 (1993).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 6, 2017



Clerk

s1003