# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 6, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

150799

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v

JOSIAH JOHNSON,
           Defendant-Appellant.

SC: 150799
COA: 324333
Wayne CC: 07-010893-FC

_____/

By order of January 31, 2017, the application for leave to appeal the December 19, 2014 order of the Court of Appeals was held in abeyance pending the decision in *People v Comer* (Docket No. 152713). On order of the Court, the case having been decided on June 23, 2017, 500 Mich ___ (2017), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the August 6, 2013 amended judgment of sentence, and we REMAND this case to the Wayne Circuit Court to reinstate the October 31, 2007 judgment of sentence. In *Comer*, we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for lifetime electronic monitoring under MCL 750.520b(2)(d) and MCL 750.520n. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.

ZAHRA, J., states as follows:

Consistently with my opinion in *People v Comer*, 500 Mich ____ (2017) (Docket No. 152713) (ZAHRA J., *concurring in part and dissenting in part*), I disagree with the majority's chosen remedy to reinstate the very sentence it properly concluded was invalid. Instead of reinstating an invalid sentence that is predicated on an invalid plea, I

would conclude that the appropriate remedy in this case is to "give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C); cf. *People v Cobbs*, 443 Mich 276 (1993).[1]

---

[1] Although defendant's motion is titled a motion for relief from judgment under MCR 6.508(D), defendant is entitled to direct review of the August 6, 2013 amended judgment of sentence.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 6, 2017



Clerk

a1003