*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 13, 2022

Plaintiff-Appellee,

v

No. 356380
Tuscola Circuit Court
LC No. 19-014890-FH

JEFFERY DESHAUN WATKINS,

Defendant-Appellant.

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

PER CURIAM.

On remand from our Supreme Court,[1] defendant appeals by leave granted the trial court's order sentencing him, on the basis of a guilty plea, as a fourth-offense habitual offender, MCL 769.12, to 15 to 30 years' imprisonment each for two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration of a person at least 13 years old, and under 16 years old), and 2 to 15 years' imprisonment for delivery of a controlled substance to a minor, MCL 333.7410(1). On appeal, defendant submits that the trial court erred by denying his motion to withdraw his plea and that his plea was involuntary because the trial court failed to inform him of his obligation under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. We remand for proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's repeated sexual assault of, and provision of marijuana to, a 15-year-old victim. The victim and defendant met through social media. In that forum, defendant represented to the victim that he was in his mid-20s, but he was actually 35 years old. He alleged the victim indicated that she was 16 years old. However, the victim purportedly revealed her true age before the two engaged in sexual acts. During their encounters, defendant apparently supplied the victim with marijuana. The victim also reported that defendant asked to record the sexual intercourse, but she did not agree to it. Nonetheless, it was alleged that there

---

[1] *People v Watkins*, 508 Mich 1024 (2022).

was record evidence on defendant's cellphone that he attempted to record their intimate acts. Additionally, the police investigation purportedly found evidence on defendant's phone that he exchanged gift cards for video recordings of minor children engaged in sexual acts.

After defendant's arrest, the prosecution filed its felony complaint, which alleged 16 counts, including eight counts of CSC-III, MCL 750.520d(1)(a), four counts of delivery of a controlled substance to a minor, MCL 333.7410(1), and four counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a). After delineating the first eight CSC-III counts, the complaint contained a SORA notice regarding counts one through eight, stating: "This is a Tier III Offense under the Sex Offender Registration Act (SORA) unless the court finds that the victim was between the ages of 13 to 15 inclusive, consented to the conduct, and the defendant was not more than 4 years older than the victim. MCL 28.722(w)(*iv*)." Defendant waived his right to a preliminary examination and was bound over to the trial court. The prosecution submitted its felony information, alleging the same 16 counts from the complaint. This information contained a SORA notice identical with the notice in the complaint.

The parties entered into a plea agreement,[2] in which defendant pleaded guilty to two counts of CSC-III and one count of delivery of a controlled substance to a minor. The agreement provided for a 15-year cap on the minimum sentence and that the prosecution would dismiss the remaining 13 charges. The prosecutor also agreed not to pursue any additional charges, seemingly addressing the video content of the victim recorded on defendant's cellphone and his gift card exchange for inappropriate videos of minors. At the hearing on the plea agreement, the trial court questioned defendant regarding the plea. Defendant confirmed he understood "that any sentence in this matter would run consecutive to whatever parole sentence [he was] serving[.]" Regarding the specific charges, defendant confirmed he understood what the possible penalties could be as a result of his plea.

The trial court discussed defendant's rights at trial, and that defendant, by entering a plea, was waiving those rights. Defendant confirmed it was his choice to have pleaded guilty to the remaining three counts and affirmed three prior convictions on the record. Defendant provided the trial court with a factual basis for his plea, including that he met with the victim on two occasions that involved sexual penetration and provided her with marijuana. Defendant confirmed the victim was between 13 and 16 years old, and he was 35 years old at the time. The prosecution and defense attorneys denied "any promises, threats or inducements to plea that [had] not been disclosed on the record[,]" and confirmed the trial court complied with the court rules when taking defendant's plea. The trial court determined the plea was "accurate and offered voluntarily with knowledge and understanding of what [was] involved[,]" and accepted the plea. However, at the plea hearing, there was no discussion of registration and compliance with SORA.

Before sentencing, defendant moved to withdraw his plea under MCR 6.310. Defendant asserted "he felt pressured" to have pleaded guilty to the counts, and he did not enter the plea knowingly and understandingly, because he was unaware "of the sentencing consequences of

---

[2] The plea agreement was in accordance with *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

convictions in this case and his status as a parolee, he was not aware that the maximum possible penalty could be life, and he was unaware of the requirements of sex offender registration at the time of his plea." Defendant also "assert[ed] his innocence and demand[ed] trial by jury on all charges and that his case be remanded to district court for preliminary examination."

The prosecution opposed the motion, arguing the plea hearing transcript established defendant was aware of the sentencing consequences and was advised life in prison was the maximum possible penalty. It was asserted that defendant learned of his obligations under SORA in the felony information, and the trial court was not obligated to inform defendant of the same at the plea hearing, because defendant was not subject to mandatory, lifetime electric monitoring, under MCR 6.302(B)(2). The prosecution denied defendant was innocent, citing the factual basis defendant provided for the charges on the record and alleging that there was physical evidence to support the charges. Lastly, the prosecution submitted it would be prejudiced by the plea's withdrawal, because "[t]he victim in this case has been very anxious throughout the entirety of this case and has finally received finality with Defendant's plea. The value of finality for a victim is very difficult to quantify but it is real and substantial." The prosecution concluded there was no evidence indicating defendant's plea was involuntary or not knowingly made.

After hearing oral argument on the motion,[3] the trial court determined the record supported its conclusion that defendant made a knowing, understanding, and voluntary plea because it was not provided with any evidence to dispute this conclusion and denied the motion. As noted, it then sentenced defendant to 15 to 30 years' imprisonment for each CSC-III count, and 2 to 15 years' imprisonment for the delivery of a controlled substance to a minor count with the sentences served consecutive to defendant's parole sentence.

## II. PRESERVATION AND STANDARD OF REVIEW

A party "must raise an issue in the trial court to preserve it" for appellate review. *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012). Because defendant argued he was entitled to withdraw his plea in his motion, this matter is preserved for appellate review. However, while defendant argued he was unaware of his obligation under SORA generally, he did not raise the issue of whether his plea was involuntary because the trial court, specifically, did not inform him of his obligation under SORA. Therefore, this matter is not preserved for appellate review. Unpreserved issues are reviewed for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* "To obtain relief generally requires a showing of prejudice;

---

[3] Defense counsel stated that she was not the "original counsel on the case." Indeed, she replaced original retained counsel, who withdrew. Court-appointed counsel represented defendant at the plea hearing. Yet, there was no delineation on the record or in the motion to withdraw plea of information conveyed to defendant about SORA and its registration requirements at any stage of the proceedings.

specifically, that the error affected the outcome of the lower court proceedings." *People v Solloway*, 316 Mich App 174, 202; 891 NW2d 255 (2016).

"A trial court's decision on a motion to withdraw a plea is reviewed for an abuse of discretion." *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Grant*, 329 Mich App 626, 634; 944 NW2d 172 (2019) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017). "The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *Cole*, 491 Mich at 330. "To the extent that this case implicates constitutional issues, they are likewise reviewed de novo." *Id.*

III. PLEA WITHDRAWAL UNDER MCR 6.310

Defendant first alleges the trial court erred when it denied his motion to withdraw his plea because he raised a claim of innocence and that the prosecution failed to establish substantial prejudice. We disagree.

Withdrawal of a plea after acceptance, but before a sentence is imposed, is governed by MCR 6.310(B):

> (B) Withdrawal After Acceptance but Before Sentence. Except as provided in subsection (3), after acceptance but before sentence,
>
> (1) a plea may be withdrawn on the defendant's motion or with the defendant's consent, only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by subrule (C). [MCR 6.310(B)(1).]

"[A] motion to withdraw a plea before sentencing should only be granted if the defendant is able to show that withdrawal of the plea is 'in the interest of justice,' meaning that the defendant has to articulate 'a fair and just reason' for withdrawing the plea." *People v Fonville*, 291 Mich App 363, 377-378; 804 NW2d 878 (2011) (footnote and citation omitted). "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge. Things that are not considered fair and just reasons are dissatisfaction with the sentence or incorrect advice from the defendant's attorney." *Id.* at 378 (footnotes and citations omitted).

Defendant contends, without explanation, that he provided a valid basis for withdrawal of his plea because he asserted the prosecution lacked sufficient evidence. While this assertion qualifies as a "fair and just reason," *id.*, defendant provided no support for his claim of innocence. Indeed, similar to the circumstances in *Fonville*, defendant provided the factual grounds for the charges under oath to the trial court, and his "admissions were in line with the elements of the charged crime[.]" *Id.* at 379. In addition, the prosecution asserted that DNA evidence established the elements of the crime, an assertion that defendant did not refute. Defendant did not provide sufficient evidence of innocence to justify withdrawal of his plea in the interest of justice.

-4-

Therefore, he failed to meet the initial threshold burden of proving withdrawal of his plea was in the interest of justice, and we need not address whether the prosecution could establish substantial prejudice.

## IV. INVOLUNTARY PLEA

Defendant also asserts that he was entitled to withdraw his plea because he was not informed of his obligations under SORA, and therefore, not apprised of the maximum possible punishment, rendering his plea involuntary. We vacate the judgment of sentence and remand for a determination whether defendant received due process of law with regard to the notice and registration provisions of SORA.

Recently, this Court concluded that, despite the 2021 amendment to SORA, it nonetheless maintains an aggregate punitive effect that negates the Legislature's intent to classify it as a civil regulation. *People v Lymon*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 327355); slip op at 18.[4] "Due process principles require a court to advise a defendant of a consequence of a guilty plea that constitutes 'punishment.' " *People v Nunez*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356659); slip op at 5.

In *Cole*, 491 Mich at 330-332, our Supreme Court recognized that the trial court must ensure compliance with the court rule addressing guilty pleas, but also determine that due process is afforded to the defendant:

> Guilty- and no-contest-plea proceedings are governed by MCR 6.302. The first sentence of subrule (A) provides that a "court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). The second sentence mandates that the court "place the defendant or defendants under oath and personally carry out subrules (B)–(E)." *Id.* Subrules (B) through (D), in turn, individually address the "understanding, voluntary, and accurate" requirements of subrule (A), and subrule (E) addresses "Additional Inquiries," including the requirement that the court ask the attorneys "whether the court has complied with subrules (B)-(D). . . ."

> * * *

> While we agree that MCR 6.302(B) through (E) constitute explicit requirements imposed on a trial court conducting a plea hearing, the broader directive of MCR 6.302(A) that the plea must be "understanding, voluntary, and accurate" might, in a given proceeding, encompass more than the explicit requirements of the remainder of the court rule. Specifically, the "understanding,

---

[4] However, the *Lymon* Court further concluded that the inquiry did not end there. Rather, it also had to be determined whether the punishment was cruel and/or unusual after evaluating the harshness of the penalty in light of the gravity and whether the penalty imposed advanced the goal of rehabilitation among other factors. *Lymon*, ___ Mich App at slip op 18. We note that an application for leave to appeal and a cross-appeal are currently pending before our Supreme Court.

voluntary, and accurate" components of subrule (A) are premised on the requirements of constitutional due process, which might not be entirely satisfied by compliance with subrules (B) through (D). Therefore, regardless of the explicit wording of the subrules, a court may be required by the Due Process Clause of the Fourteenth Amendment to inform a defendant that mandatory lifetime electronic monitoring is a consequence of his or her guilty or no-contest plea. [*Cole*, 491 Mich at 330-331 (footnote and citation omitted, alteration in original).]

A trial court is required to speak with a defendant directly, before accepting a plea, and ensure the defendant understands:

> (1) the name of the offense to which the defendant is pleading; the court is not obliged to explain the elements of the offense, or possible defenses;

> (2) the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law, including a requirement for mandatory lifetime electronic monitoring under MCL 750.520b or 750.520c[.] [MCR 6.302(B).]

"If there is a plea agreement, the court must ask the prosecutor or the defendant's lawyer what the terms of the agreement are and confirm the terms of the agreement with the other lawyer and the defendant." MCR 6.302(C)(2).

"[A]lthough not explicitly required by MCR 6.302(B), it is well settled that a trial court must inform the defendant of any consecutive and/or mandatory sentencing requirements." *People v White*, 337 Mich App 558, 571; 977 NW2d 138 (2021) (citation omitted). "[A] defendant entering a plea must be fully aware of the *direct consequences* of the plea." *Id*. at 574 (emphasis added).

> While courts have relied on different tests to distinguish direct from collateral consequences, the prevailing distinction relied on by a majority of courts turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment . . . . The most obvious direct consequence of a conviction is the penalty to be imposed. It is, therefore, well-recognized that the defendant must be apprised of the sentence that he will be forced to serve as the result of his guilty plea and conviction. [*Id.* (ellipses in original)]

"A defendant's ignorance of the collateral consequences of a guilty plea does not render the plea involuntary." *Id.*

> Examples of collateral or incidental consequences include the loss of employment, loss of the right to vote, loss of the right to travel freely abroad, loss of the right to a driver's license, loss of the right to possess firearms, a plea's possible enhancing effects on a subsequent sentence, institution of separate civil proceedings against the defendant for commitment to a mental-health facility, loss of good-time credit, . . . possibility of undesirable discharge from the armed forces,

disqualification from public benefits, and loss of business or professional licenses. [*Fonville*, 291 Mich App at 385.]

An individual convicted of CSC-III, under MCL 750.520d, is a tier III offender under SORA. MCL 28.722(u)(*ii*); MCL 28.722(v)(*iv*). Generally, tier III offenders must report under SORA for life. MCL 28.725(13). A tier III offense is a "listed offense" under SORA. MCL 28.722(i). Registration under SORA is mandatory for individuals domiciled in Michigan who are convicted of listed offenses after October 1, 1995. MCL 28.723(1)(a). As a tier III offense, defendant's convictions for CSC-III carried a mandatory requirement of SORA registration. *Id.*

In the trial court, an analysis occurred regarding whether the conditions set forth for guilty pleas, MCR 6.302(B)-(E) occurred. However, there was never an inquiry addressing whether due process was satisfied with regard to the notice and registration provisions of SORA. Indeed, the record is devoid of detail pertaining to the information defendant received from counsel regarding the ramifications of his plea in light of SORA. Although unlike in *Cole*, defendant was not subject to lifetime electronic monitoring, there was no analysis of whether a lifetime registration provision was punishment and whether it constituted a direct or collateral consequence of the plea. Moreover, irrespective of whether the trial court satisfied due process by addressing SORA, due process seemingly could have been satisfied by the advice of counsel or the probation or parole agent. We note that defendant failed to allege on appeal that he was not apprised of the SORA requirements resulting from his plea by his attorney.[5] Because the record on appeal is insufficient to demonstrate whether defendant was apprised of SORA obligations in a manner that satisfied principles of due process, we remand this case to the trial court for purposes of conducting an evidentiary hearing to determine if the appropriate notice was given.

We remand for an evidentiary hearing to determine if defendant was made aware of the SORA implications of his plea in a manner that satisfied due process. We retain jurisdiction.

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Noah P. Hood

---

[5] A defense counsel's failure to inform a defendant of his obligations under SORA constitutes ineffective assistance of counsel. *Fonville*, 291 Mich App at 394-395.

## Court of Appeals, State of Michigan
# ORDER

People of MI v Jeffery Deshaun Watkins

Docket No.    356380

LC No.    19-014890-FH

Anica Letica
Presiding Judge

Deborah A. Servitto

Noah P. Hood
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall hold an evidentiary hearing to determine if defendant was made aware of the SORA implications of his plea in a manner that satisfied due process. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_Anica Letica_
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 13, 2022
Date

_Jerome W. Zimmer Jr._
Chief Clerk