# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ADAM HOWARD REAM,

       Defendant-Appellant.

UNPUBLISHED
March 22, 2016

No.  324311
Macomb Circuit Court
LC No.  2014-001991-FH

Before:  GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

JANSEN, J. (*concurring*).

I agree with the majority's conclusion that MCR 6.310(D) required defendant to move to withdraw his plea in the trial court before raising a claim of noncompliance on appeal, and I also agree with the majority's determination that defendant is not entitled to an ability-to-pay assessment at this time.  However, I write separately to emphasize that the trial court, defense counsel, and the prosecutor all had a responsibility to inform defendant of his option to withdraw his plea once the trial court determined that it was unable to sentence defendant in accordance with the *Cobbs*[1] agreement.

The trial court was responsible for informing defendant that it would be unable to sentence him as provided in the *Cobbs* agreement and to give defendant the opportunity to withdraw his plea.  MCR 3.610(B)(2) provides that a defendant is entitled to withdraw his plea if:

> (a) the plea involves an agreement for a sentence for a specified term or within a specified range, and the court states that it is unable to follow the agreement; the trial court shall then state the sentence it intends to impose, and provide the defendant the opportunity to affirm or withdraw the plea; or

> (b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-1-

sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose.

It is uncontested that there was a *Cobbs* agreement providing that defendant would be sentenced in the lower third of the guidelines range. The sentencing guidelines range was 57 to 95 months' imprisonment. The court told defendant during the plea hearing that it would give defendant the opportunity to withdraw his plea if the court found that it could not sentence him pursuant to the *Cobbs* agreement once it received the presentence investigation report (PSIR). However, the court then proceeded at sentencing to sentence defendant to a minimum sentence of 95 months' imprisonment without informing defendant beforehand that it would be unable to sentence him pursuant to the *Cobbs* agreement and without giving defendant the opportunity to withdraw his plea. Therefore, the trial court did not comply with its responsibilities under MCR 3.610(B)(2).

Additionally, defense counsel's failure to object at sentencing to the imposition of a sentence above the lower third of the sentencing guidelines range arguably constitutes ineffective assistance of counsel. A defendant has the right to the effective assistance of counsel. See *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id*. There is a strong presumption that defense counsel's conduct constituted sound trial strategy. *Id*. at 52. In this case, however, there does not appear to be any reasonable trial strategy that would account for defense counsel's failure to challenge the sentence or to inquire into whether defendant wished to affirm or withdraw his plea. In addition, there is a reasonable probability that the trial court would have altered defendant's sentence or that defendant would have withdrawn his plea had defense counsel challenged the court's failure to abide by the *Cobbs* agreement and informed defendant that he had the right to withdraw his plea as a result. Thus, I believe that defense counsel had a duty to raise the issue in the trial court and properly inform defendant of his rights.

Furthermore, the prosecutor had a responsibility to raise the issue during sentencing as well. The prosecutor has a duty to seek justice as an officer of the court. See *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Thus, the prosecutor had a responsibility to ensure that defendant received the benefit of his *Cobbs* agreement once the prosecutor and defendant entered into the agreement. The prosecutor failed to do so by remaining silent when the trial court sentenced defendant to a higher sentence than was provided in the *Cobbs* agreement without giving defendant an opportunity to withdraw his plea. The prosecution's argument that defendant should have said something on his own behalf is specious. Instead, I believe that the trial court, the prosecutor, and defense counsel all had a duty to raise the issue in the trial court in order for defendant to have the opportunity to withdraw his plea.

However, the only argument defendant raises in his brief on appeal with regard to the no contest plea is that the trial court abused its discretion in failing to abide by the *Cobbs* agreement and in failing to advise defendant that he had a right to withdraw his plea. Since MCR 6.310(D) required defendant to move to withdraw his plea in the trial court in order to raise the issue on appeal, I concur with the result reached by the majority. If MCR 6.310(D) did not require defendant to move to withdraw his plea before raising the issue on appeal, however, I would

remand the case to the trial court to give defendant an opportunity to withdraw his plea since I do not believe that defendant should bear the consequence of the failure of the trial court, defense counsel, and the prosecutor to raise the issue. Therefore, I respectfully concur.


/s/ Kathleen Jansen