# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 6, 2017

152026

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TROY MICHAEL GUZIKOWSKI,
      Defendant-Appellant.
_____/

Stephen J. Markman,
*Chief Justice*

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
*Justices*

SC: 152026
COA: 324583
Osceola CC: 07-004115-FC

By order of September 27, 2016, the application for leave to appeal the April 14, 2015 order of the Court of Appeals was held in abeyance pending the decision in *People v Comer* (Docket No. 152713). On order of the Court, the case having been decided on June 23, 2017, 500 Mich ___ (2017), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the May 23, 2014 amended judgment of sentence of the Osceola Circuit Court, and we REMAND this case to the trial court for reinstatement of the August 27, 2007 judgment of sentence. In *Comer*, we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for lifetime electronic monitoring under MCL 750.520b(2)(d) and MCL 750.520n.

We do not retain jurisdiction.

ZAHRA, J., states as follows:

Consistently with my opinion in *People v Comer*, 500 Mich ____ (2017) (Docket No. 152713) (ZAHRA J., *concurring in part and dissenting in part*), I disagree with the majority's chosen remedy to reinstate the very sentence it properly concluded was invalid. Instead of reinstating an invalid sentence that is predicated on an invalid plea, I would conclude that the appropriate remedy in this case is to "give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C); cf. *People v Cobbs*, 443 Mich 276 (1993).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 6, 2017



Clerk

s1003