*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DOMINIQUE ROSHON BROWN,

       Defendant-Appellant.

UNPUBLISHED
March 10, 2022

No. 353466
Eaton Circuit Court
LC No. 2019-020024-FH

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his sentence of 60 to 90 months' imprisonment after he pleaded guilty to felon-in-possession of a firearm (felon-in-possession), MCL 750.224f. We remand to the trial court for resentencing.[2]

## I. BACKGROUND

This case arises out of defendant's illegal possession of a firearm at a hotel. When the police arrived at the hotel, they found defendant in a room with other individuals. The police outside of the hotel reported that a handgun was thrown out of the window of defendant's room. Following a *Cobbs* hearing[3], in exchange for a sentence of 10 months' imprisonment, defendant admitted to unlawfully possessing and throwing the handgun out of the window. As part of the *Cobbs* agreement, seven of the ten months of imprisonment would have been suspended upon successful completion of three years' probation. However, defendant failed to appear at the scheduled sentencing hearing. Defendant was later arrested on different charges and was brought

---

[1] See *People v Brown*, unpublished order of the Court of Appeals, entered July 20, 2020 (Docket No. 353466).

[2] We note that this appeal is being decided without the benefit of a prosecutor's brief.

[3] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

back to the trial court for sentencing. The trial court sentenced defendant to 60 to 90 months' imprisonment. This appeal followed.

On appeal, defendant argues that the trial court abused its discretion by imposing an upward departure from the minimum sentencing guidelines because the sentence was unreasonable and disproportionate. We conclude that the trial court imposed an unreasonable upward departure from defendant's minimum sentencing guidelines range because it failed to sufficiently articulate why the sentence it imposed was proportionate.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's sentence outside of the guidelines range for reasonableness under the "principle of proportionality" standard. *People v Steanhouse*, 500 Mich 453, 471, 476; 902 NW2d 327 (2017). Although the sentencing guidelines are no longer mandatory, *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015), sentencing courts must consult the sentencing guidelines, calculate the minimum sentence range, and take the range into account when sentencing a defendant. *Steanhouse*, 500 Mich 453 at 474-475. The "principle of proportionality" requires that an imposed sentence "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 474 quoting *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990), overruled in part by statute as recognized in *People v Armisted*, 295 Mich App 32, 51 (2011). "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 475 (quotation marks and citation omitted).

Sentencing courts "must take into account the nature of the offense and the background of the offender." *Milbourn*, 435 Mich at 651. Trial courts may impose a sentence outside of the guidelines range if they determine that "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Id*. at 657.

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (cleaned up)].

"When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. (cleaned up). Factual findings related to a departure must be supported by a preponderance of the evidence and are reviewed for clear error. *People v Lawhorn*, 320 Mich App 194, 205; 907 NW2d 432 (2012). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott (On Remand)*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "[I]f it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). When a trial court has "abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of

the departure sentence imposed," we must remand the case to the trial court for resentencing. *Steanhouse*, 500 Mich at 476.

### III. ANALYSIS

Defendant's minimum sentencing guidelines range was 10 to 28 months' imprisonment. The trial court sentenced defendant to 60 to 90 months' imprisonment. On appeal, he challenges that the departure sentence he received was unreasonable and disproportionate to the seriousness of the circumstances surrounding him and the offense.

A trial court's justification for an out-of-guidelines sentence "must be sufficient to allow for effective appellate review." *Smith*, 482 Mich 292 at 304 (quotation marks and citation omitted). From a review of the record, it is unclear which facts and reasoning the trial court relied on to impose its upward departure sentence. Further, the trial court failed to articulate why the sentence imposed was more proportionate than a different sentence.

During the second sentencing hearing, the trial court stated the following:

Mr. Brown, you're a threat to society. I have to protect society. Guns kill thousands of people. Just in the last week alone, we've had way too many people getting killed. And you're not supposed to have a gun. You threw a gun outside. Somebody could've picked this up. There's kids around here. It could've turned into a lot worse than what it was.

I'm not following the *Cobbs*[4] agreement. I have to send you to prison, sir.

I believe there's reasons to go outside of the guidelines here pursuant to *Steanhouse* even if I don't take in—these new charges into consideration.

You're saying you're not a gang member, but then you say you are a gang member. I used to represent gang members. When they had to go to prison, they'd always tell me, "John, this is part of doin' business." And if the business is guns, and the business is drugs, and the business is death, I have to protect society. And you are a danger to society.

So, it's the sentence of this Court that you're sentenced to the Michigan Department of Corrections for a minimum of 60 months, a maximum of 90 months. And the only reason I'm not giving you more is because, by law, I cannot.

In its order regarding defendant's motion to correct the Presentence Investigation Report (PSIR) and to correct invalid sentence, the trial court concluded:

IT IS FURTHER ORDERED that the Defendant's Motion to Correct [an] Invalid Sentence is DENIED. Pursuant to *People v Steinhouse* [sic], 500 Mich 453

---

[4] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

(2017), the sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender. The defendant failed to appear at sentencing, only appearing after he was arrested on new charges in Clinton County, for which he was sentenced to prison. This case involved a handgun thrown out a hotel window by the defendant that was used in a prior shooting. The defendant's sentence is valid.

Based on the record, the trial court implies that it considered defendant's conduct of throwing a gun that had been used in a prior shooting out of a window, defendant's gang membership, defendant's failure to appear at the first sentencing hearing, and defendant's subsequent criminal charges when it imposed defendant's sentence. We conclude that the trial court erred in several ways.

First, the trial court clearly erred when it found that defendant was a member of a gang and further erred by relying on such information to support its upward departure sentence. During the second sentencing hearing, defendant denied that he was a gang member. The PSIR indicated that defendant had reported that he was a gang member in his "Compas assessment," but defendant later denied being a gang member when further questioned. The PSIR also indicated that there was information from a "jail program" that defendant was a known gang member. However, "no[] additional details were available." In responding to defendant's challenge, the trial court stated that it would include defendant's denial in the PSIR. However, the court did not otherwise strike the information indicating that defendant was a gang member.

"The PSIR is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Norfleet*, 317 Mich App 649, 669; 897 NW2d 195 (2016) (quotation marks and citation omitted). However, "[t]he prosecution has the burden to prove the challenged fact by a preponderance of the evidence upon an effective challenge by a defendant." *Id*. (quotation marks, citation, and alteration omitted). We conclude that the trial court abused its discretion by concluding that the prosecution had met its burden to prove the challenged statement in the PSIR. See *id*. n 13 (recognizing that, even if the allegations in the PSIR were true, the statements "contained multiple levels of hearsay" and "the prosecution did not provide any independent verification for the truth of its assertions."). The record indicates that defendant had, at one point, reported he was a gang member and then subsequently denied being a gang member. No other information was offered to support the prosecutor's assertions. Therefore, "we are left with a definite and firm conviction that a mistake was made" regarding this finding by the trial court. *Abbott (On Remand)*, 330 Mich App at 654. Further, because the trial court's finding was not supported by a preponderance of the evidence, it clearly erred by finding otherwise. *Lawhorn*, 320 Mich App at 205. Similarly, in denying defendant's motion to correct an invalid sentence, the trial court stated that the gun found as a result of the instant offense had been used in another shooting without providing any facts or reasoning to support its finding.[5]

The trial court appeared to find that defendant's absconding from the first sentencing hearing and throwing a gun out of a window at the time of the offense also factored into whether the minimum sentencing guidelines range was appropriate. Pertinent to this appeal, defendant was

---

[5] We note that the trial court did not consider this factor when it initially sentenced defendant.

-4-

assigned 10 points for Offense Variable (OV) 19, which is appropriate when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order." MCL 777.49(c). However, based on the record, the trial court took into consideration both of these factors in scoring OV 19. See *Dixon-Bey*, 321 Mich App at 525.

Based on the record, the trial court failed to clearly state its reasoning to support a 60 to 80 month departure sentence. Although the trial court alluded to some of its findings in support of an upward departure, we are unable to clearly identify the trial court's reasons for imposing the sentence or its justification as to why an upward departure was more proportionate than a different sentence. Accordingly, the trial court abused its discretion in the imposition of an out-of-guidelines sentence without sufficient articulation of its reasoning for the sentence it selected. See *Steanhouse*, 500 Mich at 476; *Smith*, 482 Mich at 304. For these reasons, we remand to the trial court for resentencing. See *Steanhouse*, 500 Mich at 476.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ Michelle M. Rick