*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CORY ANN ZIEGLER,

        Defendant-Appellant.

FOR PUBLICATION
September 22, 2022
9:10 a.m.

No. 355697
Tuscola Circuit Court
LC No. 19-014919-FH

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

RONAYNE KRAUSE, P.J.

Following her pleas of no contest, defendant was convicted by the trial court of possession of a controlled substance analogue, MCL 333.7403(2)(b)(*ii*), operating while intoxicated (OWI) (occupant under 16 years of age), MCL 257.625(7)(a), and second-degree child abuse, MCL 750.136b(3).[1] Defendant appeals her sentences as on leave granted.[2] *People v Ziegler*, 508 Mich 964; 965 NW2d 503 (2021). At issue is whether the trial court correctly scored 10 points for offense variable (OV) 10, pursuant to MCL 777.40 (exploitation of a vulnerable victim). We vacate defendant's sentences and remand for resentencing.

---

[1] Defendant was also convicted of third-degree child abuse, MCL 750.136b(5). However, that conviction was set aside.

[2] This Court initially denied defendant's delayed application for leave to appeal "for lack of merit in the grounds presented." *People v Ziegler*, unpublished order of the Court of Appeals, entered January 19, 2021 (Docket No. 355697). On October 29, 2021, the Michigan Supreme Court remanded the case to this Court "for consideration as on leave granted of whether the Tuscola Circuit Court erred in assigning 10 points to Offense Variable 10, MCL 777.40(1)(b) (exploitation of vulnerable victim)." The Court denied leave in "all other respects." *Ziegler*, 508 Mich 964.

# I.  BACKGROUND

Tuscola County Sheriff's deputies were dispatched to the scene of a single-vehicle accident on April 9, 2019, at approximately 3:35 a.m.  They discovered a pickup truck in the ditch, resting on "a steep drop" and having crashed into a concrete driveway culvert.  Defendant was sitting in the passenger seat, apparently having unlatched her seatbelt and fallen into the passenger seat.[3] Also in the truck was defendant's six-year-old daughter, who was seated in a booster seat in the back of the truck, although the daughter's seatbelt was off.  The daughter had sustained an injury to her abdomen, a variety of abrasions to her head and extremities, and she had neck pain. Defendant admitted to deputies that she had been driving; she was on her way from her ex-boyfriend's house to a friend's house, although she was unable to specify where the friend lived. Defendant admitted to having consumed "a bottle of wine earlier."  Approximately half an hour later, defendant consented to a preliminary breath test, which revealed a blood alcohol reading of .265%.  Defendant and the daughter were both transported to the hospital, where the daughter ultimately spent the night.  A search of the vehicle revealed a white pill and a partial yellow pill; the yellow pill was tested to be Alprazolam, a Schedule IV controlled substance for which defendant did not have a prescription.  A blood test revealed that defendant had a blood alcohol level of .285%, and it also revealed the presence of THC, opiates, and benzodiazepines.

On October 14, 2019, defendant entered a plea of no contest, pursuant to a *Cobbs*[4] agreement, pursuant to which she would be placed on a one-year delay of sentence, and the second-degree child abuse charge would be dismissed if defendant successfully completed the terms of her probation.  In relevant part, the prosecution objected to OV 10 having been scored at zero points in defendant's presentence investigation report (PSIR), arguing that it should be scored at 10 points.  The prosecution argued that the daughter had no choice but to get into defendant's car while defendant drove drunk, establishing that defendant exploited a vulnerable victim.  Defendant protested that OV 10 was intended to address predatory conduct, which was not present.  The trial court scored OV 10 at 10 points.  Subsequently, defendant failed to comply with the terms of her probation.  Defendant entered a plea of guilty to violating some of those probation terms.  At the ensuing sentencing hearing, defendant was sentenced within the guidelines as they had been scored.  As discussed, defendant appeals her sentences, limited to challenging the trial court's scoring of OV 10.

## II.  STANDARD OF REVIEW

The prosecution asserts that scoring decisions should be upheld if there is "any evidence" in support of those decisions.  That is not the correct standard.  *People v Hardy*, 494 Mich 430, 438 n 18; 835 NW2d 340 (2013).  Rather, "[u]nder the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence."  *Id*. at 438.  Moreover, the case the prosecution cites for the incorrect standard has been expressly overruled for almost ten years, as would have been obvious had the prosecution

---

[3] Although not entirely clear, the report implies that the truck was resting on its passenger side.

[4] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

Shepardized the case.[5]  *People v Jones*, 494 Mich 880, 880-881; 834 NW2d 485 (2013).  Although the clearly erroneous standard requires us to affirm unless we are definitely and firmly convinced the trial court made a mistake, it is significantly less deferential than the abuse of discretion standard.  *People v Blevins*, 314 Mich App 339, 361; 886 NW2d 456 (2016).  "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo."  *Hardy*, 494 Mich at 438.

If the language of a statute is plain and unambiguous, the statute must be enforced as it is written.  *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999).  However, although "a court may not abrogate the plain language of a statute in order to avoid absurd results . . . it is appropriate for a court to avoid absurd results when attempting to determine the Legislature's intent regarding an ambiguous statute."  *People v Gatski*, 260 Mich App 360, 366-367; 677 NW2d 357 (2004).  All words in a statute are presumed to be meaningful, and a court "must consider the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose."  *Id*. at 366.  We defer to the trial court's assessment of witnesses' credibilities, to the extent such assessments are relevant, even where the applicable standard of review is otherwise de novo.  *In re Lloyd*, 424 Mich 514, 535-536; 384 NW2d 9 (1986).  However, it does not appear that any credibility assessment was at issue in this matter.

### III.  ANALYSIS

"Offense variable 10 is exploitation of a vulnerable victim."  MCL 777.40(1).  The sentencing court should score 10 points if "The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status."  MCL 777.40(1)(b).  However, "The mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability."  MCL 777.40(2).  The statute provides several definitions pursuant to MCL 777.40(3) as follows:

> (b)  "Exploit" means to manipulate a victim for selfish or unethical purposes.  Exploit also means to violate section 50b of the Michigan penal code, 1931 PA 328, MCL 750.50b, for the purpose of manipulating a victim for selfish or unethical purposes.

> (c)  "Vulnerability" means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation.

> (d)  "Abuse of authority status" means a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher.

"[W]hen a statute specifically defines a given term, that definition alone controls."  *Tryc v Mich Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996).  In *People v Huston*, 489 Mich 451, 460-461; 802 NW2d 261 (2011), our Supreme Court explained that the grounds for scoring

---

[5] We trust the prosecution will not make the same mistake again in the future.

10 points enumerated in MCL 777.40(1)(b) are "things that are largely outside of the victim's control." It also explained that "vulnerability" "may arise not only out of a victim's [inherent or personal] characteristics, but also out of a victim's relationships or circumstances." *Id*. at 464.

As an initial matter, defendant tacitly does not dispute that her daughter was "vulnerable" for purposes of OV 10. We would not find any such argument plausible, in any event. However, we agree with defendant that there is no evidence of "exploitation" for purposes of OV 10. Within the meaning of the statute, exploitation requires manipulation of the victim "for selfish or unethical purposes." We need not consider the definition of "manipulate." For purposes of resolving this appeal, we presume, but we expressly do not decide and do not imply, that defendant's conduct constituted "manipulation." Whatever the word "manipulate" might mean, the definition of "exploitation" intrinsically establishes an element of intent: any manipulation must have been done with a *goal* of accomplishing something selfish or unethical.

For example, in *People v Yarbough*, 148 Mich App 139, 141-142, 146; 384 NW2d 107 (1986),[6] the defendant beat her 12-year-old son to death, which this Court concluded satisfied the definition of being "for selfish or unethical purposes" because "it is readily inferable from the evidence that defendant acted at least partly out of selfish motivation, e.g., to preserve her authority status in the face of a rebellious son, to vent frustration at his continued disobedience or to insure her place in heaven by chastising her son in accordance with the dictates of her religion." In *People v Wilkens*, 267 Mich App 728, 732, 740-742; 705 NW2d 728 (2005), the defendant provided a runaway teenager with alcohol, clothes, and food in exchange for the teenager's appearance in a sexually abusive video recording, which this Court found satisfied the definition of exploitation for purposes of OV 10. In far too many disturbing cases to recount, OV 10 has been scored for "grooming" conduct or other "quid pro quo" conduct in pursuit of sexually assaulting victims. The significance is clear: for purposes of OV 10, "exploitation" means the defendant intended to gain something from the manipulation of the victim at some kind of cost to the victim.

In contrast, an apt analogy to this case would be a situation in which a parent with a child at home turns on a gas stove, gets drunk, and falls asleep, only for the gas to explode thereafter, injuring the child. Defendant's conduct here was grossly irresponsible, and she certainly should be imputed the knowledge that her conduct was grossly irresponsible. However, at least on this record, we cannot find any evidence that defendant placed her daughter in the truck and drove drunk for the purpose of gaining something from her daughter at a cost to her daughter. Indeed, there is no evidence that defendant might even have had a reason or motive to be selfish. We cannot conclude that OV 10 was intended by the Legislature to extend to mere irresponsibility, no matter how egregious and no matter how vulnerable the victim. The sentencing court certainly may take into account how defendant's irresponsible misconduct harmed her child; however, the facts of this case do not fit OV 10. Therefore, scoring 10 points for OV 10 was erroneous. Because subtracting 10 points from defendant's total OV score would change her sentencing guidelines

---

[6] Although *Yarbough* is not strictly binding pursuant to MCR 7.215(J)(1) because it was issued before November 1, 1990, as a published opinion, it nevertheless "has precedential effect under the rule of stare decisis" pursuant to MCR 7.215(C)(2). We find it instructive, in any event.

range, defendant is entitled to resentencing. *People v Francisco*, 474 Mich 82, 88-92; 711 NW2d 44 (2006).

We vacate defendant's sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle